UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**BRIAN JUSTIN GALLOWAY, SR.,**

    **Plaintiff,**

v.                                                                  Case No. 2:18-cv-01185

**DONEL KINNARD VETERANS CEMETARY,
CHARLESTON WORK RELEASE CENTER,
PRUNTYTOWN CORRECTIONAL CENTER,
and TYGART VALLEY REHABILITATION,**

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On July 26, 2018, the plaintiff filed a Complaint (ECF No. 1) concerning injuries he suffered in an accident on or about August 3, 2016, while working at the Donel Kinnard Veterans Cemetery as part of his work release through the West Virginia Department of Corrections. The plaintiff further alleges that staff at the Charleston Work Release Center and Pruntytown Correctional Center refused to follow his doctor's orders and that Tygart Valley Rehabilitation did not complete intense therapy. He seeks payment of his hospital bills and other compensation for mental anguish and future medical expenses. (ECF No. 1 at 4). However, the plaintiff failed to pay the applicable $400 filing fee or file an

Application to Proceed Without Prepayment of Fees and Costs when he filed his Complaint.

By Order entered on April 30, 2019, the plaintiff was ordered to either pay the applicable filing fee or file an Application to Proceed Without Prepayment of Fees and Costs ("Application") by May 14, 2019. (ECF No. 3). The plaintiff failed to pay the filing fee or file an Application as ordered and has failed to communicate in any way with the court. It further appears that the plaintiff is no longer in the custody of the West Virginia Division of Corrections and Rehabilitation and failed to notify the court of any change in his contact information.

Thus, the court is unable to move this matter forward. Accordingly, the responsibility for the delay in the progress of this matter is entirely on the plaintiff and dismissal appears to be the only appropriate sanction. However, because the defendants were never served with process, a dismissal without prejudice may be less drastic.

## RECOMMENDATION

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to prosecute this civil action. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation

within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at his last known address.

June 11, 2019

Dwane L. Tinsley
United States Magistrate Judge